UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
ex rel. LAMAR C. CHAPMAN, III,

      Plaintiff/Relator,

v.                                Case No.   3:24-cv-1134-MMH-SJH

FEDERAL ELECTION
COMMISSION, et al.,

      Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte.  On November 4, 2024, Plaintiff Lamar C. Chapman, III, proceeding pro se, filed a Complaint Alleging Violations of the Federal False Claims Act (Doc. 1; Complaint).  In the four counts of the Complaint, Chapman asserts "reverse false claims" arising under the False Claims Act (FCA), 31 U.S.C. § 3729.  However, in Timson v. Sampson, the Eleventh Circuit Court of Appeals held in binding precedent that a pro se plaintiff cannot maintain a qui tam suit under the FCA.  See 518 F.3d 870, 874 (11th Cir. 2008).  Indeed, "[i]f a person brings a qui tam claim based on the FCA, and he or she proceeds pro se, the district court will lack subject matter jurisdiction over the claim."  See Deutsche Bank Nat. Trust Co. v. Holyfield, 309 F. App'x 331, 333 (11th Cir. 2009).  Accordingly, the Court will

dismiss this action without prejudice for lack of subject matter jurisdiction. See Rule 12(h)(3), Federal Rules of Civil Procedure (Rule(s)) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[1]  In light of the foregoing, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of November, 2024.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] Because the allegations of the Complaint are nonsensical and plainly frivolous, the Court does not find it appropriate to stay the case pending retention of counsel.