## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
ex rel. LAMAR C. CHAPMAN, III,

      Plaintiff/Relator,

v.                                                    Case No. 3:24-cv-1134-MMH-SJH

FEDERAL ELECTION
COMMISSION, et al.,

      Defendants.

_____

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff, Lamar C. Chapman, III's,

Verified Motion for Reconsideration (Doc. 7; Motion), filed on November 19,

2024. The Court previously dismissed <u>sua</u> <u>sponte</u> Chapman's Complaint for lack

of subject-matter jurisdiction. <u>See</u> Order (Doc. 4; Dismissal Order), entered on

November 5, 2024. The Clerk entered judgment the next day. <u>See</u> Judgment in

a Civil Case (Doc. 5; Judgment), entered on November 6, 2024.

Though the Motion is difficult to understand, the Court construes the

Motion as containing two requests under Rules 59(e) and 60, Federal Rules of

Civil Procedure (Rule(s)). First, Chapman asks the Court to amend the

Judgment's caption to reflect that the Federal Election Commission is a

Defendant and that the Federal Trade Commission is not (the Judgment and

the docket list the latter but not the former as a Defendant in their captions). See Motion at 3. Second, Chapman contests the substantive conclusions made by the Court in the Dismissal Order and seeks various corrective relief. See id. at 3–4. Specifically, he contends that the Court's Dismissal Order violates his constitutional rights, that the United States should have been allowed to intervene, that he should have been given leave to amend instead of having his case dismissed, and that he should have had the chance to obtain substitute counsel. See id. at 4.

As to Chapman's first request, upon review of the file, the Court concludes that the Motion is due to be granted to the extent Chapman seeks an amendment of the Judgment under Rule 60(a) to reflect the fact that Chapman brought this action against the Federal Election Commission, not the Federal Trade Commission. See Verified Complaint Alleging Election Fraud, Political Fraud, Immigration Fraud, and Fraud Against the United States of America (Doc. 1; Complaint).[1]

---

[1] Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

As to Chapman's second request, the Court construes the Motion as seeking relief under Rule 59(e).[2] To prevail on a Rule 59(e) motion, the movant must ordinarily show that there is "'newly[ ] discovered evidence or manifest errors of law or fact.'" <u>Jacobs v. Tempur-Pedic Intern., Inc.</u>, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). But Chapman does not identify any errors of law or newly discovered evidence. <u>See generally</u> Motion. To the extent his arguments as to the Court's purported errors relate to the findings and conclusions in the Dismissal Order, the arguments are conclusory and unsupported by any legal authority. For example, Chapman contends that the Court's application of two Eleventh Circuit cases was "needlessly summary, rushed, and strict," but he does not explain how the Court misapplied the law or identify any possible basis for the Court to exercise subject-matter jurisdiction over his claims as pled or over any claims he might be able to assert in an amended complaint (and indeed, he does not provide a proposed amended complaint). <u>Id.</u> at 4. While Chapman cites to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), <u>see</u> Motion at 4, he does not explain how the holding or reasoning in <u>Bivens</u>—which involved federal law-enforcement

---

[2] Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

officers who illegally performed a search and seizure—applies to his claims, which are based on alleged election fraud. <u>See generally</u> <u>Bivens</u>, 403 U.S. 388. Indeed, the Supreme Court has admonished that applying <u>Bivens</u> to new contexts should be done rarely, if ever. <u>See</u> <u>Ziglar v. Abbasi</u>, 582 U.S. 120, 135 (2017) ("[T]he Court has made clear that expanding the <u>Bivens</u> remedy is now a 'disfavored' judicial activity. This is in accord with the Court's observation that it has 'consistently refused to extend <u>Bivens</u> to any new context or new category of defendants. Indeed, the Court has refused to do so for the past 30 years.'" (quoted authority omitted)). Chapman has provided no authority to support applying <u>Bivens</u> to the types of claims he raises in his Complaint, which he purports to bring as a <u>qui</u> <u>tam</u> relator. <u>See generally</u> Motion; Complaint. As such, to the extent he seeks reconsideration of the dismissal of this action, the Motion is due to be denied.

Accordingly, it is

**ORDERED:**

1. To the extent Chapman moves to correct a clerical mistake in the caption of the Judgment (Doc. 5), the Motion (Doc. 7) is **GRANTED**.

2. The Clerk of the Court is **directed** to correct the Judgment by:

   a. **Removing** the Federal Trade Commission as a Defendant in the caption; and

     b.    **Adding** the Federal Election Commission as a Defendant in the caption.

    3.    The Clerk of the Court is **directed** to make the same correction to the docket caption.

    4.    In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of January, 2025.


**MARCIA MORALES HOWARD**
United States District Judge


lc33

Copies to:
Pro Se Party
Counsel of Record